IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

17 JUL -7 PM 2:08

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

JEFFERY J. WASHINGTON,
    Movant,

-vs-

UNITED STATES OF AMERICA,
    Respondent.

CAUSE NO.: A-17-CA-00512-SS
[A-14-CR-337-SS]

# ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Jeffery J. Washington's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#44] and Memorandum of Law [#45] in support. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

On May 27, 2015, Movant Jeffery J. Washington pleaded guilty to a one count superseding information, charging him with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841. When this Court calculated Washington's sentencing range under the federal sentencing guidelines, it increased Washington's adjusted offense level because the Court concluded Washington qualified as a "career offender." To qualify as a career offender under the federal sentencing guidelines, the following factors must be met:

(1) The defendant was at least 18 years old at the time the defendant committed the instant offense of conviction;



(2) The instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

(3) The defendant has at least two prior felony convictions of either a crime or violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

In this case, Washington was at least 18 years old at the time he committed the offense charged in the superseding information, and that offense constitutes a "controlled substance offense" within the meaning of the federal sentencing guidelines. Washington was therefore subject to career offender enhancement if he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *See id.* According to the presentence report (PSR), Washington had two prior felony convictions for delivery of a controlled substance in violation of Texas law, which the PSR concluded constituted "controlled substance offenses" under the federal sentencing guidelines. Based on a total offense level of 29 and a criminal history category of VI, the guidelines range for imprisonment was 151 to 188 months. On September 4, 2015, the Court entered its judgment sentencing Washington to a 151-month term of imprisonment, followed by a 3-year term of supervised release. Washington did not appeal his sentence.

On May 23, 2017, Washington executed the instant § 2255 motion, arguing his sentence is invalid in light of the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's subsequent opinions in *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). Specifically, Washington argues these cases demonstrate his sentence was improperly calculated because his prior Texas convictions for delivery of a controlled substance do not qualify as predicate offenses under the federal sentencing guidelines.

2

## Analysis

### I. Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

### II. Application

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). More specifically, § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The Fifth Circuit and the Supreme Court hold that a judgment becomes final when the applicable period for seeking review of a final conviction expires. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000). In this case, Washington's conviction became final, at the latest, on September 18, 2015, fourteen days after the Court entered its judgment. Washington thus had until September 18, 2016, to execute his § 2255 motion. However, Washington's § 2255 motion was not executed until May 23, 2017, more than ten months after the AEDPA's one-year limitation period expired. As a result, Washington's § 2255 motion is time-barred.

Washington argues, however, that the untimeliness of his motion should be excused because his drug convictions are not proper predicate offenses under a right the Supreme Court "newly recognized" in *Mathis*. As noted above, the limitation period begins to run under § 2255(f)(3) when "the [asserted] right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In *Mathis*, the Supreme Court held that enhancing the defendant's sentence under the Armed Career Criminal Act (ACCA) was improper, because the elements of the defendant's prior convictions of burglary were broader than the generic offense of burglary. 136 S. Ct. at 2257. In so holding,

*Mathis* "provided helpful guidance for determining whether a predicate statute of conviction is divisible." *United States v. Uribe*, 838 F.3d 667, 670 (5th Cir. 2016). However, the Supreme Court clearly indicated in *Mathis* that it was not announcing a new rule and its decision was dictated by prior precedent. 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); *see also Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final."). As multiple courts in this circuit have noted, "*Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review." *Milan v. United States*, No. 3:16:CV-1850-D-BK, 2017 WL 535599, at *2 (N.D. Tex. Jan. 18, 2017); *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive § 2255 motion because defendant failed to make the requisite showing that *Mathis* created "new rules of constitutional law that have been made retroactive to cases on collateral review"); *United States v. Bermea*, No. 2:01-CR-15, 2017 WL 821787, at *2 (S.D. Tex. Mar. 2, 2017). *Mathis* therefore does not provide a basis to overcome the AEDPA's one-year limitation period.

Washington's reliance on the Fifth Circuit's opinions in *Hinkle* and *Tanksley* to trigger the limitation period under § 2255(f)(3) is similarly misplaced. In both cases, the Fifth Circuit vacated the defendant's sentence on direct appeal because, under *Mathis*, his prior Texas conviction for delivery of a controlled substance could not serve as a predicate offense under the sentencing guidelines. *Hinkle*, 832 F.3d at 574–77; *Tanksley*, 848 F.3d at 352. But in both *Hinkle* and *Tanksley*, *Mathis* was applied on direct appeal. The defendants in those cases did not suffer the same time-bar issue applicable to Washington's present collateral attack.

In the present case, to trigger the limitation period under § 2255(f)(3), the right Washington relies on must have been newly recognized by the Supreme Court and made

5

retroactively applicable to cases on collateral review. *Hinkle* and *Tanksley* did not write new law, nor do they constitute retroactively applicable Supreme Court decisions. Washington's argument the limitation period began to run when the Fifth Circuit issued its decisions in *Hinkle* and *Tanksley* therefore fails. *See* 28 U.S.C. § 2255(f)(3); *Dodd v. United States*, 545 U.S. 353, 358–59 ("[I]f this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his motion."). As a result, Washington's claim that his delivery convictions cannot serve as predicate offenses under the federal sentencing guidelines is barred by the AEDPA's statute of limitations.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and . . . . whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Washington's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

## Conclusion

IT IS ORDERED that Movant Jeffery J. Washington's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#44] is DISMISSED WITH PREJUDICE as time-barred; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 7th day of July 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE

7